BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE: Google Inc. Antitrust Litigation** | MDL No. 2981 |
| Relates to:<br><br>*McNamara v. Google, LLC, et al.*,<br>Case No. 3:20-cv-07361-JD<br>(N.D. Cal. filed October 20, 2020) | |

### PLAINTIFF McNAMARA'S INTERESTED PARTY RESPONSE TO MOTION TO TRANSFER

Plaintiff Brian McNamara, individually and on behalf of himself and all others similarly situated, respectfully responds to the Motion to Transfer pursuant to 28 U.S.C. § 1407 filed by the plaintiff in *Page v. Google LLC, et al.*, No. 1:20-cv-03158 (D.D.C.), ECF. No. 1 ("the Motion"). Plaintiff McNamara does not oppose centralization of the eleven identified actions (collectively, "the Actions"), but supports centralization in the Northern District of California, rather than the District of Columbia.

Plaintiff McNamara supports centralization in the Northern District of California before the Honorable James Donato, where the vast majority of the Actions are currently pending, and where the parties and courts have already made substantial progress in the Actions. In addition to the Actions identified in the Motion, two more cases[1] have been filed in the Northern District with other cases likely to be filed, and the Actions have been assigned (or are in the process of being

---

[1] *See Gamble et al v. Google LLC et al*, 3:20-cv-07984-JD (Nov. 12, 2020 N.D. Cal.); *Roberts v. Google LLC et al,* 3:20-cv-07824-RS (Nov. 5, 2020 N.D. Cal.).

1

deemed related and assigned) to Judge Donato. On November 20, 2020, Judge Donato consolidated the eight Actions before him into two matters, a consumer action titled *In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD and a developer action titled *In re Google Play Developer Antitrust Litigation*, No. 3:20-cv-05792-JD.

Moreover, the Defendant, key witnesses, and relevant evidence are all located in the Northern District of California. Google is headquartered in Mountain View, and relevant parties, evidence, and witnesses are located in California. In contrast, only two Actions have been filed in the District of Columbia. Accordingly, the Northern District of California is the "center of gravity of this litigation." *In re Wash. Public Power Supply Sys. Sec. Litig.*, 568 F. Supp. 1250, 1251-52 (J.P.M.L. 1983). The cases cited in the Motion also favor this conclusion, including *In re Liquid Aluminum Sulfate Antitrust Litig.*, 159 F. Supp. 3d 1382, 1383 (J.P.M.L. 2016), where the court supported transferring to the district where a majority of actions already are pending. ECF No. 1-1.

Transfer to the Northern District of California will best advance the interests of efficiency and economy for the courts and the parties. The Northern District of California (1) satisfies the parties' preferences; (2) has many existing pending actions in the proposed district; (3) is the geographically convenient forum; and (4) has the availability of an experienced judge to steer the litigation prudently. The Northern District consistently handles several high-tech antitrust cases such as *In re Qualcomm Antitrust Litigation*, MDL No. 2773, and *In re Hard Disk Drive Suspension Assemblies Antitrust Litigation*, MDL No. 2918.[2]

---

[2] Judicial Panel on Multidistrict Litigation, *MDL Statistics Report – Distribution of Pending MDL Dockets by District*, Nov. 16, 2020, *available at*: https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-November-16-2020.pdf (last visited Nov. 25, 2020).

Judge Donato is a very experienced judge and has already demonstrated his intent to move this case expeditiously, including a recent order establishing a December 28, 2020 deadline to file a consolidated complaint. *Carr v. Google, LLC,* No. 3:20-CV-05761 (N.D. Cal. August 18, 2020), ECF No. 80; *see also*, *In re Imprelis Herbicide Marketing, Sales Practices and Products Liability Litig.*, 825 F. Supp. 2d 1357 (J.P.M.L. 2011) (favoring assignment "to an experienced transferee judge who is willing and able to receive the assignment"); *In re Wesson Oil Marketing and Sales Practices Litig.*, 818 F. Supp. 2d 1383 (J.P.M.L. 2011) (favoring assignment to "an experienced transferee judge").

For the foregoing reasons, the Actions should be centralized in the Northern District of California before the Honorable James Donato.

Dated: November 27, 2020 /s/ Mark C. Molumphy
MARK C. MOLUMPHY

**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000

*Attorney for Interested Party and*
*Plaintiff Brian McNamara*