BEFORE THE UNITED STATES

JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

| In re: GOOGLE ANTITRUST LITIG. | MDL DKT. NO.: 2981 |
|---|---|

**PLAINTIFF HERRERA'S REPSONSE TO MOTION FOR CENTRALIZATION AND TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rules 6.1 (c) and 6.2 (e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiff Kondomar Herrera, plaintiff in the putative class action captioned *Herrera v. Google LLC,* 5:20-cv-07365 (N.D. Cal.) ("Herrera"), respectfully submits this response to the pending Motion of Plaintiff J. Jackson Paige for Transfer and Consolidation Pursuant to 28 U.S.C. § 1407 (the " Motion for Transfer"), requesting transfer, consolidation, or coordination of all actions that seek remedies for the alleged conduct of Google LLC ("Defendant") to the United States District Court for the District of Columbia.

As explained below, Plaintiff Herrera urges the Panel to centralize the relevant actions in the United States District Court for the Northern District of California, not the United States District Court for the District of Columbia.

**I.  The Relevant Actions Should Be Centralized Under 28 U.S.C. § 1407**

The ten Google Play consumer and three Google Play developer actions all allege common questions of fact based on either the same (or analogous) federal and state antitrust statutes. Namely, that Google unlawfully monopolized the Google Play online marketplace, thereby causing plaintiffs and class members to pay Google supracompetitive prices for paid mobile apps and in-app purchases. The presence of these common issues of fact strongly support centralization and coordination of the actions, which were filed in two separate jurisdictions. *See e.g., In re Plumbing Fixtures*, 308 F. Supp. 242, 244 (J.P.M.L 1970) ("[A] potential for conflicting or

overlapping class actions presents one of the strongest reasons for transferring such related actions to a single district for coordinated or consolidated pretrial proceedings which will include an early resolution of such potential conflicts."). Centralization and coordination of the Google Play actions are further warranted to: (1) conserve judicial resources, assigning responsibility for overseeing a pretrial plan to one judge as opposed to two different federal judges in two different districts, *In re Pineapple*, 342 F.Supp.2d 1348, 1349 (J.P.M.L. 2004); (2) minimize the potential for duplicative discovery, *In re Auto Body Shop*, 2014 WL 3908000, at *1-2 (J.P.M.L. 2014) (noting that transfer and consolidation were appropriate to eliminate duplicative discovery when the actions shared a common factual core); and (3) prevent inconsistent pretrial rulings on common factual issues, *In re Dow Chem.*, 650 F. Supp. 187, 188 (J.P.M.L. 1986).

## II.     The Northern District of California is the Appropriate Transferee Forum

The Motion for Transfer asks the Panel to select the District of Columbia as the Transferee Court. But the most appropriate venue for adjudicating the Google Play actions is the Northern District of California.

In determining the Transferee Court, the Panel considers the nexus between the transferee forum and the parties to the litigation. A significant "nexus" exists when a party, which is common to all actions (*e.g.*, the defendant), is headquartered or has facilities located within the Transferee Court's jurisdiction such that relevant witnesses and documentary evidence common to all the actions are likely to be found there. *See, e.g., In re Google Inc. St. View Elec. Commc'ns Litig.*, 733 F.Supp.2d 1381, 1382 (J.P.M.L. 2010) (transferring to Northern District of California where "[t]he sole defendant, Google, is headquartered there, and most relevant documents and witnesses are likely located there."); *In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, 381 F.Supp.2d 1383, 1384 (J.P.M.L. 2005) ("relevant discovery will likely be found within this district,

because Sears's corporate headquarters and many of its documents and witnesses are located there"); *St. Jude Med., Inc., Silzone Heart Valves Products Liab. Litig.*, MDL No. 1396, 2001 WL 36292052, at *2 (J.P.M.L. Apr. 18, 2001) (transferring litigation to district because "as the situs of the headquarters of the sole defendant in all actions, the district is likely to be a substantial source of witnesses and documents subject to discovery").

Here, the Northern District of California—not the District of Columbia—has the strongest nexus to the Google Play consumer and developer actions because it is where Google is headquartered and located, and therefore, where documents and witnesses relevant to determining the key issues are likely to be located. *See, e.g., In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 223 F. Supp. 3d 1353, 1354-55 (J.P.M.L. 2016) ("We conclude that the Northern District of California is an appropriate transferee district for this litigation. Defendant Yahoo's corporate headquarters is located within the district, and therefore relevant documents and witnesses are likely to be located there.").

The Motion for Transfer ignores these foundational facts to suggest that the District of Columbia would be the most appropriate venue for adjudication of all Google antitrust actions because the U.S. Department of Justice and numerous state attorneys general have brought a civil suit in that district "that will likely generate evidence usable by the plaintiffs in the private Related Actions." Transfer Motion at 8. But counsel for Plaintiff Paige then undercuts that argument in a separate filing, acknowledging that the related actions cannot be transferred, consolidated, or coordinated with the government action, *U.S. et al. v. Google LLC*, No. 1:20-cv-03010 (D.D.C.), pursuant to 28 U.S.C. § 1407(g). JPML Dkt. No. 9. In such circumstances, this Panel has centralized and transferred the private actions to one district while keeping the government actions in a separate district. *See e.g.*, *In re Antibiotic Drugs*, 309 F. Supp. 155, 157 (J.P.M.L. 1970); *see*

*also In re Sugar Indus. Antitrust Litig.,* 427 F. Supp. 1018, 1026-27 (J.P.M.L. 1977) (affirming prior decision to establish two MDLs in two distinct districts because of market differences).

Moreover, the Northern District of California already has the largest number of pending Google Play (consumer and developer) cases (13), as compared to the District of Columbia (1). The cases pending in the Northern District of California are also further along than the Google Play cases filed in the District of Columbia. For instance, Google filed its motion to dismiss the Google Play developer cases on November 13, 2020. *See Epic Games Inc. v. Google*, 3:20-cv-05671-JD (N.D. Cal), at Dkt. 91-1. And on November 20, 2020, Judge Donato issued an Order consolidating the Google Play consumer cases filed in that district. *See In re Google Play Consumer Antitrust Litigation*, 3:20-cv-05761-JD (N.D. Cal.) at Dkt. 16. Two subsequent motions to appoint co-lead counsel have been filed, *see id.* at Dkts. 81, 87, and the Court has set a December 28, 2020 deadline for filing a consolidated amended complaint, *id.* at Dkt. 80.

The experience, skill, and caseloads of available judges further supports transferring the cases to the Northern District of California. The Northern District of California has both the resources to handle a complex case like this one and docket conditions favorable to a timely resolution of multidistrict litigation. The Northern District of California has previously managed multidistrict litigation both successfully and efficiently. *See In Re: Apple Inc. Device Performance Litigation,* No. 5:18-md-02827-EJD; *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices, and Prods. Liab. Litig.*, MDL. No. 2777; *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Prod. Liab. Litig.*, MDL No. 2672. The jurists of the Northern District are also well-versed in complex litigation, with 21 multidistrict litigations currently pending in the district. *See* United States JPML Statistical Analysis of Multidistrict Litigation Under 28 U.S.C. § 1407, Fiscal Year 2020. In presiding over multidistrict litigations, the Northern District of California has

demonstrated the ability to leverage its resources to manage intensive discovery, and routinely resolves these complex actions efficiently.

Consequently, the factors the Panel has considered in selecting the transferee court support transferring this MDL to the Northern District of California and the Northern District of California is well-suited to receive this complex MDL.

### III. CONCLUSION

Plaintiff respectfully requests that the Panel grant the Motion for Transfer to centralize and coordinate the Google Play Store actions in the Northern District of California.

**DATED**: November 27, 2020

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By: */s/ Frederic S. Fox*
Frederic S. Fox
Robert N. Kaplan
Hae Sung Nam
Donald R. Hall
Aaron Schwartz
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
*ffox@kaplanfox.com*
*rkaplan@kaplanfox.com*
*hnam@kaplanfox.com*
*dhall@kaplanfox.com*
*aschwartz@kaplanfox.com*

Laurence D. King
Mario M. Choi
1999 Harrison Street
Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
*lking@kaplanfox.com*
*mchoi@kaplanfox.com*

*Counsel for Plaintiff Kondomar Herrera*