BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE GOOGLE ANTITRUST LITIGATION** | MDL No. 2981 |

**PLAINTIFFS MCCREADY'S AND BLUMBERG'S INTERESTED PARTY RESPONSE TO MOTION FOR
<u>TRANSFER PURSUANT TO 28 U.S.C. § 1407</u>**

For all of the reasons set forth in the Motion to Transfer filed by Plaintiff J. Jackson Paige, Plaintiffs McCready and Blumberg believe that this action should be centralized in the District of Columbia District Court, before Judge Amit Mehta, in front of whom actions filed by 49 state attorneys general, the Justice Department and three private plaintiffs are now pending.

Having private and government cases proceed before the same judge, in the same district court not only comports with the weight of this Panel's precedent; it also allows for these cases to proceed in the most efficient and convenient manner and benefit from a consistent approach across private and government cases. *See In re Am. Exp. Anti-Steering Rules Antitrust Litig.*, 764 F. Supp. 2d 1343, 1345 (J.P.M.L. 2011) ("Centralization in the Eastern District of New York will enable continued voluntary coordination between the Government action and the MDL No. 2221 actions in order to promote the expeditious resolution of all actions."); *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 654 (J.P.M.L. 1981) (transfer to the district court where the government indictment was pending "will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation"); *In re Qualcomm Antitrust Litig.*, 273 F. Supp. 3d 1373, 1376 (J.P.M.L. 2017) (transfer was appropriate to the district where the government action was pending). It is far more efficient to have one set of proceedings before one

judge, in one court, than two sets of proceedings on different sides of the country, before different judges.

Events have occurred since Plaintiff Paige's Motion to Transfer was filed that further militate in favor of centralization and transfer to the District of Columbia.

First, on December 17, 2020, 38 states filed suit against Google in the District of Columbia, based on much of the same conduct described in Paige's, McCready's and Blumberg's complaints, including Google's antiforking, mobile application distribution and revenue-sharing agreements, and Google's conduct with respect to Google Play and the Android operating system. Case No. 1:20-cv-03715-APM, ECF No. 3, *see e.g.,* ¶¶ 114–124. Google agreed that the case filed by the 38 state attorneys general was related to the DOJ's case and the cases are proceeding in a coordinated manner before Judge Mehta, meaning that there are now two major government actions pending in the District of Columbia, while there continue to be none pending in the Northern District of California.

Further, additional actions have been filed against Google, in Virginia, Mississippi and Missouri. *Ratliff v. Google LLC*, No. 3:20-cv-833-DPJ-FKB (S.D. Miss.); *Alexander v. Google LLC*, No. 2:21-cv-00018 (E.D. Va.); *Black v. Google LLC*, No. 4:21-cv-00077 (E.D. Mo.). Given the millions of consumers who use Android phones and Google's applications, there are likely to be more. Centralization under § 1407 is necessary to provide a mechanism for coordination of all of these actions in one district court, before one judge. It would be extraordinarily inefficient to litigate individual motions to transfer each time such new cases are filed and such motions would not resolve the broader issue concerning where this litigation should proceed.

This is further emphasized by Google's more recent attempt to transfer a government action filed in Texas, making similar allegations, to the Northern District of California. Case No. 4:20-

cv-00957-SDJ, ECF No. 28 (filed Jan. 19, 2021). Making such individual motions, before a number of different judges, all over the country, is wholly inefficient and unworkable. The Justice Department's action cannot be transferred (and the related state actions proceeding in the District of Columbia will therefore not be transferred either), thus it makes the most sense to centralize proceedings in the District of Columbia.

Plaintiffs Blumberg and McCready therefore respectfully seek centralization and transfer to the District of Columbia District Court, before the Honorable Judge Amit P. Mehta.

Dated: January 21, 2021                                   Respectfully submitted,


*/s/ Gary E. Mason*
Gary E. Mason
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Tel.: (202) 429-2290
Fax: (202) 429-2294
gmason@masonllp.com

*Counsel for Plaintiffs McCready and Blumberg*