BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| IN RE GOOGLE ANTITRUST LITIGATION | MDL No. 2981 |
|---|---|

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL INFORMATION

Defendants Alphabet Inc., Google LLC, Google Ireland Limited, Google Commerce Ltd., Google Payment Corp., and Google Asia Pacific Pte. Ltd. (collectively, "Google") respectfully move for leave to file the Supplemental Information submitted herewith. Google so moves because material developments have occurred since Google filed its original Response to Plaintiff J. Jackson Paige's Motion for Transfer and Consolidation Pursuant to 28 U.S.C. § 1407 (the "Response"), which now support centralization of putative Google Play consumer class actions in the Northern District of California.[1]

Subsequent to Google's Response, six additional putative Google Play consumer class actions were filed in the district courts for: (i) the Northern District of California (*Kavulak v. Google LLC*, No. 5:20-cv-09421-BLF) (filed Dec. 30, 2020), (ii) the District of Columbia (*McCready v. Google LLC*, No. 1:20-cv-03556-APM (filed Dec. 7, 2020) and *Blumberg v. Google LLC*, No. 1:20-cv-03557-APM (filed Dec. 7, 2020)), (iii) the Southern District of Mississippi (*Ratliff v. Google LLC*, No. 3:20-cv-00833- DPJ-FKB) (filed Dec. 30, 2020), (iv) the Eastern District of Virginia (*Alexander v. Google LLC*, No. 2:21-cv-00018-RCY-LRL) (filed Jan. 8, 2021), and (v) the Eastern District of Missouri (*Black v. Google LLC*, No. 4:21-cv-00077) (filed Jan. 21, 2021). Each of these subsequently filed cases allege facts common to those

---

[1] For the reasons stated in the annexed Supplemental Information, Google's support for centralization in the Northern District of California does *not* extend to the unrelated case *In re Google Digital Advertising Antitrust Litigation*, No. 5:20-cv-03556-BLF (N.D. Cal.).

alleged in the earlier filed putative consumer Google Play class actions now pending in the District Court for the Northern District of California, consolidated as *In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D. Cal.), and with *Paige v. Google LLC*, No. 1:20-cv-03158-APM (D.D.C.) ("*Paige*").

Centralizing the subsequently filed putative Google Play consumer class actions, and the *Paige* action, in the Northern District of California with the consolidated putative Google Play consumer class actions currently pending in that district will permit significant efficiencies and avoid risks of conflicting determinations. Such centralization will also promote the convenience of parties and witnesses and the just and efficient conduct of the actions.

Google does not oppose centralization of the Google Play developer actions currently being litigated in the Northern District of California with the Google Play putative consumer class actions should the Panel conclude such centralization would be just and efficient.

Accordingly, Google respectfully requests that the Panel grant this motion to permit Google to submit its annexed Supplemental Information.

Dated: January 22, 2021

Richard S. Taffet
richard.taffet@morganlewis.com

101 Park Avenue
New York, NY 10178-0060
Telephone: +1.212.309.6000
Facsimile: +1.212.309.6001

Willard K. Tom
willard.tom@morganlewis.com

1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone: +1.202.739.3000
Facsimile: +1.202.739.3001

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Brian C. Rocca*
  Brian C. Rocca
  brian.rocca@morganlewis.com

  Sujal J. Shah
  sujal.shah@morganlewis.com

One Market
Spear Street Tower
San Francisco, CA  94105-1596
Telephone: +1.415.442.1000
Facsimile: +1.415.442.1001

Attorneys for Defendants