**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

**IN RE GOOGLE ANTITRUST LITIGATION**  |  **MDL No. 2981**

## [PROPOSED] SUPPLEMENTAL INFORMATION

Defendants Alphabet Inc., Google LLC, Google Ireland Limited, Google Commerce Ltd., Google Payment Corp., and Google Asia Pacific Pte. Ltd. (collectively, "Google") respectfully submit this Supplemental Information to modify its Response to Plaintiff J. Jackson Paige's Motion for Transfer and Consolidation Pursuant to 28 U.S.C. § 1407 (the *Paige* Motion).  Since Google filed its Response, dated November 27, 2020, there have been material developments that now warrant centralizing all pending putative Google Play consumer class action cases in the Northern District of California before Judge James Donato.

When Google filed its Response to the *Paige* Motion, *all* putative Google Play consumer actions, other than the *Paige* action, were pending in the Northern District of California,[1] and Google had filed its motion to transfer *Paige* to the Northern District of California pursuant to 28 U.S.C. § 1404(a).[2]  (Resp. at 10, JPML ECF No. 36.)  Google thus argued that centralization as requested by the *Paige* Motion was unnecessary; Google's § 1404(a) motion provided a superior means to address the inter-district circumstances caused by Paige's decision to file in the District of Columbia and not the Northern District of California.  (*See* Resp. at 1, 9-10, JPML ECF No.

---

[1] Those cases are now consolidated for pretrial and trial purposes in *In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D.Cal.).

[2] Google's motion to transfer *Paige* to the Northern District of California is now fully briefed and is pending in the District of Columbia.  *See* Defs.' Mot., *Paige v. Google LLC*, No. 1:20-cv-03158-APM (D.D.C. Nov. 24, 2020), ECF No. 12; Pl.'s Mem., *Paige v. Google LLC*, No. 1:20-cv-03158-APM (D.D.C. Dec. 8, 2020), ECF No. 19; Defs.' Reply, *Paige v. Google LLC*, No. 1:20-cv-03158-APM (D.D.C. Dec. 15, 2020), ECF No. 20.

36.)  In the alternative, Google's Response stated that if the Panel concludes that centralization is appropriate, the Northern District of California is the most appropriate forum for centralization, and centralization should not include unrelated cases such as *In re Google Digital Advertising Antitrust Litigation*, No. 5:20-cv-03556-BLF (N.D. Cal.).  (*See* Resp. at 16 n.9.)

Since the filing of Google's Response to the *Paige* Motion, an additional case has been filed in the Northern District of California, *Kavulak v. Google LLC*, No. 5:20-cv-09421, and five additional putative Google Play consumer class actions have been filed in four district courts other than the Northern District of California.  These are:

| | |
|---|---|
| *McCready v. Google LLC*, No. 1:20-cv-03556-APM | District of Columbia |
| *Blumberg v. Google LLC*, No. 1:20-cv-03557-APM | District of Columbia |
| *Ratliff v. Google LLC*, No. 3:20-cv-00833-DPJ-FKB | Southern District of Mississippi |
| *Alexander v. Google LLC*, No. 2:21-cv-00018-RCY-LRL | Eastern District of Virginia |
| *Black v. Google LLC*, No. 4:21-cv-00077 | Eastern District of Missouri |

As a result, of the *fifteen* putative Google Play consumer class actions now on file, *nine* (including the original five Google Play consumer cases) are being actively litigated in the Northern District of California, including the just filed *Kavulak* case.  The other subsequently filed cases purporting to represent overlapping nationwide classes of Google Play consumers, together with the *Paige* action (also filed well-after the original cases were filed in the Northern District of California), are now pending in four other districts.

In view of these changed circumstances, Google respectfully submits that all pending and any future putative Google Play consumer class actions should be centralized in the Northern

District of California before Judge James Donato.[3]  This will be a superior and more efficient approach to eliminate multi-district litigation of Google Play consumer class actions, as compared to Google filing additional motions to transfer under § 1404(a) in each case now currently pending (or that might be filed) in districts other than in the Northern District of California.

The following table identifies the pending putative Google Play consumer class actions that Google submits should be so centralized:

| Consumer Case Name and Number | Court |
|---|---|
| *In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD[4] | Northern District of California |
|    1.  *Carr v. Google LLC*, No. 3:20-cv-05761-JD | |
|    2.  *Bentley v. Google LLC*, No. 3:20-cv-07079-JD | |
|    3.  *McNamara v. Google LLC*, No. 3:20-cv-07361-JD | |
|    4.  *Herrera v. Google LLC*, No. 3:20-cv-07365-JD | |
|    5.  *Carroll v. Google LLC*, No. 3:20-cv-07379-JD | |
|    6.  *Roberts v. Google LLC*, No. 3:20-cv-07824-JD | |

---

[3] Google continues to oppose centralization of the *Digital Advertising Antitrust Litigation* for the same reasons as the plaintiffs in that action do: it is an unrelated action in which no allegations concern conduct with respect to Google Play; rather, the action concerns "online display advertising services."  (Resp. at 16-17, JPML ECF No. 36.)  Similarly, the lack of commonality defeats the argument by the *McCready* and *Blumberg* Plaintiffs that centralization in the District of Columbia is appropriate in light of the State Attorneys General suit filed there against Google on December 17, 2020.  *See* Plaintiffs McCready and Blumberg's Interested Party Response at 2 (JPML ECF No. 76).  That case, like the case filed by the U.S. Department of Justice in the District of Columbia, challenges conduct in wholly-different alleged relevant markets (*i.e.,* general search services, general search text advertising, and general search advertising), Compl. ¶ 1, *Colorado v. Google LLC*, No. 1:20-cv-03715-APM (D.D.C.), ECF No. 3, than are at issue in the Google Play cases (*i.e.,* the alleged Android app distribution market).

[4] *Gamble v. Google LLC*, No. 3:20-cv-7984-JD (N.D. Cal.), was voluntarily dismissed without prejudice.  *See* Exhibit A hereto.

| | |
|---|---|
| 7.  *Stark v. Google LLC*, No. 3:20-cv-08309-JD<br><br>8.  *Esquivel v. Alphabet Inc.*, No. 3:20-cv-08337-JD | |
| *Kavulak v. Google LLC*, No. 5:20-cv-09421<br><br>(Relation to and consolidation with *In re Google Play Consumer Antitrust Litigation* pending) | Northern District of California |
| *Paige v. Google LLC*, No. 1:20-cv-03158-APM | District of Columbia |
| *McCready v. Google LLC*, No. 1:20-cv-03556-APM | District of Columbia |
| *Blumberg v. Google LLC*, No. 1:20-cv-03557-APM | District of Columbia |
| *Ratliff v. Google LLC*, No. 3:20-cv-00833-DPJ-FKB | Southern District of Mississippi |
| *Alexander v. Google LLC*, No. 2:21-cv-00018-RCY-LRL | Eastern District of Virginia |
| *Black v. Google LLC*, No. 4:21-cv-00077 | Eastern District of Missouri |

Centralization of these Google Play consumer cases in the Northern District of California is appropriate for the following reasons:

1.       Each of the identified multi-district cases involve common questions of fact related to Google Play including, without limitation, similar alleged antitrust relevant markets, Google's alleged monopoly power and harm to competition in those alleged relevant markets, and alleged antitrust injury to consumer class plaintiffs.  This supports centralization of the Google Play consumer cases.  *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 24 F. Supp. 3d 1361, 1362 (J.P.M.L. 2014); *see also In re Secondary Ticket Market Refund Litig.*, MDL No. 2951, 2020 WL 4670728, at *2 (J.P.M.L. Aug. 6, 2020) ("StubHub-only MDL [wa]s warranted" because there were "six putative nationwide class actions pending in four districts"); *In re Diisocyanates Antitrust Litig.*, 341 F. Supp. 3d 1376, 1377 (J.P.M.L. 2018) (centralizing three antitrust actions pending in three districts).  Centralization will also avoid

inefficiencies resulting from separate pretrial proceedings.  *See In re Delta Dental Antitrust Litig.*, 433 F. Supp. 3d 1358, 1359 (J.P.M.L. 2020).

2.      The Northern District of California is the "center of gravity."  The first five Google Play consumer class actions were filed there; nine of the fifteen currently pending Google Play consumer class actions are or soon will be consolidated in that district with Judge Donato; and those cases are being actively litigated with ongoing coordinated discovery, and a Consolidated Consumer Class Action Complaint on file for which a proposed approach to respond is *sub judice*.  The Northern District of California is thus the most appropriate forum to consolidate the cases more recently filed in other districts.  *See In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices & Antitrust Litigation*, 268 F. Supp. 3d 1356, 1360 (J.P.M.L. 2017); *In re Soc'y Ins. Co. COVID-19 Bus. Interruption Protection Ins. Litig.*, MDL No. 2964, 2020 WL 5887444, at *2 (J.P.M.L. Oct. 2, 2020).

Further making the Northern District of California the most appropriate court for centralization is that court's relation of the Google Play consumer actions to the *Epic* Google Play developer action (*Epic Games, Inc. v. Google LLC*, No. 3:20-cv-05671-JD (N.D. Cal.)), as well as two Google Play putative developer class actions (*Pure Sweat Basketball v. Google LLC*, No. 3:20-cv-05792-JD (N.D. Cal.) and *Peekya App Services, Inc. v. Google LLC*, No. 3:20-cv-06772 (N.D. Cal.)), all of which are subject to the *Paige* Motion.  The two developer class actions have been consolidated into a single docket, as *In re Google Play Developer Antitrust Litigation*, No. 3:20-cv-05792-JD (N.D. Cal.).  Google's Rule 12(b)(6) motion to dismiss the

*Epic* case and the Google Play developer class actions is now fully briefed, with a hearing set on the motion for February 18, 2021.[5]

3.      The Northern District of California is the most convenient district for most parties and witnesses.  Whereas ***none*** of the parties (plaintiffs or defendants) in the Google Play actions reside or are based in Washington, D.C., the common defendant—Google LLC—is headquartered in the Northern District of California, and 94% of Google's employees who are part of the Google Play organization in the United States are based in the Northern District of California.  (Resp. at 1-2, ECF No. 36.)  In addition, most Google Play consumer plaintiffs, and all three related Google Play developer plaintiffs, filed their actions in that district.

For the avoidance of doubt, Google reiterates that *In re Google Digital Advertising Antitrust Litigation*, No. 5:20-cv-03556-BLF (N.D. Cal.)—pending separately in the Northern District of California—is unrelated to Google Play, as it concerns "online display advertising services," and not app distribution.  (Resp. at 16-17, JPML ECF No. 36.)  That action should ***not*** be subject to any centralization order.

Accordingly, Google respectfully submits that the identified Google Play putative consumer class actions should be centralized in the Northern District of California with Judge Donato.  As noted, Google does not oppose centralization of the related Google Play developer actions (already pending in the Northern District of California) if the Panel concludes that such additional centralization would be just and efficient.

---

[5] Google does not oppose centralization of these Google Play developer cases with the putative Google Play consumer class actions in the Northern District of California should the Panel conclude that such additional centralization would be just and efficient.

Dated: January 22, 2021

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Brian C. Rocca*
    Brian C. Rocca

Richard S. Taffet
richard.taffet@morganlewis.com

    brian.rocca@morganlewis.com

101 Park Avenue
New York, NY 10178-0060
Telephone:  +1.212.309.6000
Facsimile:  +1.212.309.6001

    Sujal J. Shah
    sujal.shah@morganlewis.com

Willard K. Tom
willard.tom@morganlewis.com

One Market
Spear Street Tower
San Francisco, CA  94105-1596
Telephone:     +1.415.442.1000
Facsimile:     +1.415.442.1001

1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone:  +1.202.739.3000
Facsimile:  +1.202.739.3001

Attorneys for Defendants